# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**PENN-STAR INSURANCE COMPANY**                                **PLAINTIFF**

v.                 **CASE NO. 2:18-CV-00034 BSM**

**HERITAGE HOSPITALITY, INC., et al.**                            **DEFENDANT**

## ORDER

Defendant Heritage Hospitality, Inc.'s ("Heritage") motion to dismiss [Doc. No. 2] is denied. Abstention, however, is appropriate, and this case is stayed until the state court proceeding is concluded.

## I. BACKGROUND

This lawsuit arises out of an insurance dispute between plaintiff Penn-Star Insurance Company ("Penn-Star") and Heritage. The relevant facts are as follows:

Heritage operated a motel in Brinkley, Arkansas that burned down. Heritage had an insurance policy with Penn-Star that included commercial property coverage and commercial general liability coverage. Heritage submitted a claim to Penn-Star, pursuant to the policy's commercial property coverage. Penn-Star denied the claim, asserting that it had cancelled the policy before the fire occurred. The circumstances surrounding the cancellation of the policy, although somewhat complex, essentially concern whether Heritage returned a form certifying that it complied with Penn-Star's mandatory inspection recommendations.

Following the denial of coverage, Heritage filed a lawsuit in state court against Penn-Star alleging breach of contract, which is ongoing. After it was filed, ten individuals

("general liability plaintiffs"), who were presumably guests at the motel when it burned, filed a separate lawsuit against Heritage in state court seeking damages for personal property destroyed in the fire. Heritage requested that Penn-Star defend and indemnify Heritage in this second lawsuit brought by the general liability plaintiffs pursuant to the policy's commercial general liability coverage, but Penn-Star denied this request, asserting it had cancelled Heritage's policy before the fire.

Penn-Star then filed this lawsuit seeking a declaration that Heritage's policy does not require Penn-Star to indemnify or defend Heritage in the lawsuit brought by the general liability plaintiffs. Heritage subsequently amended its complaint in state court to add claims regarding Penn-Star's denial of general liability coverage with respect to the general liability plaintiffs. Heritage moves to dismiss this lawsuit and argues that federal abstention is appropriate.

## II. LEGAL STANDARD

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 55 U.S. 544 (2007). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Iqbal*, 556 U.S. at 663. In ruling on a motion to dismiss, all well plead allegations in the complaint must be accepted as true and construed

2

in the light most favorable to the plaintiff. *Id.*

## III. DISCUSSION

Federal courts typically exercise jurisdiction unless there are exceptional circumstances for not doing so. *Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) (citations omitted). They have much broader discretion in determining whether to exercise jurisdiction in declaratory judgment actions when there is a previously filed parallel state case. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–90 (1990); *Scottsdale Ins. Co.*, 426 F.3d at 996. A lawsuit is parallel if "substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co.*, 426 F.3d at 997.

This case and the state case are not parallel because the general liability plaintiffs are not parties to Heritage's lawsuit in state court. Therefore, the general liability plaintiffs are not bound by the state court's decision as to whether Penn-Star improperly canceled the policy and denied coverage to Heritage, and it is unlikely to have a preclusive effect on them in future litigation if they try to hold Penn-Star financially responsible for their property loss.

This, however, is not the end of the inquiry. Ultimately, there are two lawsuits that, while not strictly parallel, are very closely related. They both assert claims arising out of the same insurance policy cancelled by Penn-Star. The predominant and threshold issue in both cases appears to be whether Penn-Star properly cancelled the policy under its terms. If it did, then it seems that Heritage lacks both commercial property and general commercial liability coverage. If it did not, then Heritage may have viable claims against Penn-Star for its denial

3

of both commercial property and general commercial liability coverage. The answer to this common question turns on the same facts and law. Therefore, litigating this issue in two separate forums creates a needless risk of inconsistent fact-finding and is a waste of time and resources. It stands to reason that the state court is better situated to make the necessary findings as to this issue—it has been dealing with these parties and facts for some time, and Arkansas contract law governs the substantive issues.

For these reasons, abstention may still be warranted. In the absence of parallel state court proceedings, a six-factor test is used to consider whether *Wilton* abstention is appropriate. *Scottsdale Ins. Co.*, 426 F.3d at 998 (citing *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir.1998)). The factors to be considered are the following: (1) whether declaratory judgment will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal lawsuit; (3) the strength of the state's interest in having the issues decided in the state courts; (4) whether the issues can more efficiently be resolved in state court; (5) whether permitting the federal lawsuit to go forward would result in unnecessary entanglement between the federal and state court systems because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used "as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achiev[e] a federal hearing in a case otherwise not removable." *Id.* (internal quotations omitted).

Although the first two factors weigh against abstention, the following three weigh in favor of abstention. First, this lawsuit, like the one pending in state court, is substantively governed by Arkansas law, and the state has an interest in resolving cases controlled by state law. *See Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir. 2004); *c.f. Cent. Iowa Water Ass'n v. City of Dubuque*, 129 F. Supp. 3d 654, 670–71 (N.D. Iowa 2015). Second, the case may be more expeditiously and efficiently resolved by the state court. Heritage filed its lawsuit in state court over two years ago, and it is very likely that the state court case has progressed further than this one. It is also difficult to see how "judicial economy and efficient resolution of the issues at hand would be served by simultaneous, largely duplicative litigation in state and federal court" given the common factual and legal questions in both cases. *Cent. Iowa Water Ass'n*, 129 F. Supp. 3d at 671. Third, for the reasons discussed above, abstention avoids excessive entanglement between state and federal court systems given the risk of inconsistent fact-finding and needless interference in an ongoing state court case. *See id.* at 672. The sixth *Scottsdale* factor is not considered because there is insufficient evidence in the record to make a finding on it. For these reasons, abstention is appropriate.

Rather than dismissing this case, it will be stayed until the state court proceeding is resolved. *See, e.g.*, *Wilton*, 515 U.S. at 288 n.2 ("[A] stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."); *Capitol Indem. Corp. v.*

5

*Haverfield*, 218 F.3d 872, 875 n.2 (8th Cir. 2000) ("We recognize that a stay rather than dismissal is the preferred mode of abstention where the possibility of a return to the federal court remains.").

## IV. CONCLUSION

For these reasons, Heritage's motion to dismiss [Doc. No. 2] is denied, but abstention is appropriate. This case is stayed pending a resolution of the state court proceeding.

IT IS SO ORDERED this 25th day of June 2018.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE